# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

William Lyon Homes, Inc.,

    Plaintiff,

v.

COUNTY OF NYE, *et al*.,

    Defendants.

Case No. 2:11-CV-00741-KJD-RJJ

**ORDER**

Before the Court is the Motion to Dismiss for Lack of Jurisdiction (#9) filed by Defendants Board of Commissioners– County of Nye and County of Nye (collectively "Defendants"). Plaintiff opposed the Motion (#14) and Defendants replied (#15).

I.  Service of Process

Plaintiff, a real estate developer, sued Nye County and its Board of Commissioners over the imposition of fees and taxes. Plaintiff's Complaint was filed May 9, 2011. Plaintiff served a Summons on Mr. Butch Borasky, a member of the Nye County Board of Commissioners on May 23, 2011. On June 1, Defendants filed their Motion to Dismiss arguing, *inter alia*, that the service on

Mr. Borasky was ineffective and that proper service pursuant to state law should have been on the Chairman of the Board of the Nye Count Board of Commissioners or the Nye County Clerk.  On June 4, 2011 Plaintiff served Mr. Gary Hollis, Chairman of the Nye County Board of Commissioners.  Accordingly, Plaintiff has cured the defect in service.

II.  Necessary Party

Defendants also argue that Plaintiff failed to join Nye County School District ("NCSD") in this action.

Rule 12(b)(7) allows a party to seek dismissal for failure to join a party under Fed. R. Civ. P. 19 which states, in pertinent part, that a person whose joinder to the action will not deprive the court of subject matter jurisdiction must be joined as a party, if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Therefore, determining whether a party is necessary and/or indispensable under Rule 19 involves a three-step inquiry.  Equal Employment Opportunity Comm'n v. Peabody W. Coal. Co., 400 F.3d 774, 779 (9th Cir. 2005) (citations omitted).  First, the court must determine whether a party is "necessary."  Id.  If the court finds that the absent party is a necessary party, the court must then determine if joinder of the party is feasible.  Id.  Finally, if joinder is not feasible, the court must determine whether the case can proceed without the absent party or whether the absent party is an "indispensable" party such that the court must dismiss the action.  Id.  "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).

The Ninth Circuit has stated that "there is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a)" and that such a determination is heavily influenced by the facts and circumstances of each case. Bakia v. Los Angeles County State of Cal., 687 F.2d at 299, 301 (9th Cir. 1982). The court has "considerable discretion" in deciding a Rule 19 analysis. Id. at 301.

Here, the matter at issue is a residential construction tax. Pursuant to Nevada Revised Statutes 387.331, NCSD may request that Defendants levy this tax to fund capital projects. After the tax is approved by the Nevada Tax Commission, it is collected by Nye County. 99% of the tax proceeds are deposited into a capital projects fund controlled by the NCSD. Nye County retains only administrative costs not to exceed one percent of the revenue. See N.R.S. 387.331. The NCSD Board of Trustees manages the expenditure of the funds for construction, remodeling, and expansion of school facilities. Id.

Plaintiff argues that NCSD is not a necessary party because Plaintiff does not pay taxes to the NCSD. Plaintiff suggests that, if Defendants believe that the NCSD is a necessary party, Defendants should file a third-party complaint against it. Alternatively, Plaintiff requests that the Court should allow Plaintiff to substitute the NCSD as one of the "Doe" defendants named in its original Complaint.

The plain wording of Fed. R. Civ. P. 19 indicates that NCSD is a necessary party under the facts and circumstances of this case. One of Plaintiff's causes of action is for Unjust Enrichment and seeks relief through a refund of taxes paid under protest. (See Compl. ¶42.) It would be impossible to accord relief in the absence of the government entity that requested that tax, is the beneficiary of 99% of the revenue from the tax, and controls expenditure of the tax revenue. Further, disposing of the action without the participation of NCSD would, "as a practical matter impair or impede" [NCSD's] ability to protect its interest in the funds. Plaintiff provides no reason that NCSD cannot be joined as a party. Accordingly, the Court finds that NCSD must be joined pursuant to Fed. R. Civ. P. 19.

Plaintiff has expressed its willingness to have NCSD added as a party. The Court believes that the most efficient method to proceed in this matter is for Plaintiff to file an amended complaint naming NCSD as a defendant. If Plaintiff fails to so amend the Complaint by November 21, 2011, this action will be dismissed.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (#9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint naming Nye County School District as a defendant on or before November 21, 2011.

DATED this 4th day of November 2011.

_____
Kent J. Dawson
United States District Judge